UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DONNA ESTE-GREEN,

                          Plaintiff,

v.                                                    5:09-CV-0722
                                                          (GTS/GHL)

MICHAEL J. ASTRUE, Comm'r of Social Security,

                          Defendant.
_____

APPEARANCES:                                                           OF COUNSEL:

DONNA ESTE-GREEN
  Plaintiff, *Pro Se*
25 Fairway
Hempstead, NY 11550

HON. ANDREW T. BAXTER                                        WILLIAM H. PEASE, ESQ.
United States Attorney for the Northern District of New York    Assistant U.S. Attorney
P.O. Box 7198
100 South Clinton Street
Syracuse, NY 13261-7198

HON. GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

       Currently before the Court, in this *pro se* action filed by Donna Este-Green ("Plaintiff") to recover funds allegedly owed to her by the Social Security Administration, is a motion by Michael J. Astrue, Commissioner of Social Security ("Defendant") to dismiss the action pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction due to Plaintiff's failure to exhaust her administrative remedies before filing suit.  (Dkt. No. 3.)  Plaintiff has not opposed the motion.  For the reasons set forth below, Defendant's motion is granted, and Plaintiff's Complaint is dismissed.

I. **BACKGROUND**

    A. **Procedural History**

On or around May 27, 2009, Plaintiff brought this action in Small Claims Court, City of Ithaca, County of Tompkins ("Small Claims Court"), naming the Social Security Administration ("SSA") as Defendant. (Dkt. No. 1, Part 3.) Liberally construed, Plaintiff's Complaint alleges that the SSA wrongfully garnished her wages in the amount of five hundred seventy-one dollars ($571.00). (*Id.*) On June 24, 2009, the United States Attorney's Office for the Northern District of New York removed this case from the Small Claims Court, pursuant to the exclusive original jurisdiction of the District Court under 42 U.S.C. §§ 405(g)-(h) and 1383(c)(3), "because Plaintiff's claim appeared to relate to the payment of Social Security benefits to her as representative payee for the account of Albertina King." (Dkt. No. 3.)

    B. **Relevant Facts**

In 1999, Plaintiff had been acting as representative payee for Albertina King, who had been receiving Social Security benefits under Title II of the Act. (Dkt. No. 3.) In October 1999, the SSA issued an overpayment to Plaintiff on Albertina King's account. (*Id.*) In March 2001, the SSA and Plaintiff arranged a repayment plan pursuant to which Plaintiff agreed to repay the amount due the SSA in fifty-dollar installments beginning on April 15, 2001. (*Id.*) In October 2007, the SSA sent a letter to Plaintiff, in which the SSA stated the following: (1) Plaintiff had been overpaid as representative payee; (2) Plaintiff had the right to question the decision about her overpayment and to ask that the SSA not recover the overpayment; (3) the SSA's past attempts to recover this overpayment had not been successful; (4) there are actions that the SSA can take to recover the money, including wage garnishment; (5) Plaintiff could prevent the wage

garnishment by taking certain steps within sixty days of the letter, including repaying the debt, agreeing to a definite repayment plan and repaying the debt according to that plan, asking the SSA to review the finding that she owed the amount stated and that the SSA had the right to collect it, asking the SSA to waive collection of the overpayment, or asking the SSA to review its plan to collect up to fifteen percent of her disposable pay.  (*Id.*)  In addition, the letter informed Plaintiff of how she could repay the SSA. (*Id.*)

Plaintiff returned this letter to the SSA, stating that the overpayment was not her fault. (*Id.*)  Plaintiff indicated that she could not afford the amount owed, and that the money that she received was used for the payee's burial.  (*Id.*)  In March, 2008, Plaintiff spoke with a supervisor of the SSA by telephone and negotiated a repayment plan agreement for installments of twenty dollars ($20).  (*Id.*)  On April 29, 2008, the SSA sent Plaintiff a billing statement indicating her debt of five hundred seventy-one dollars ($571), and that a minimum payment of twenty dollars ($20) must reach the SSA by May 15, 2008.  (*Id.*)  On May 6, 2008, documentation issued in connection with the administrative garnishment of Plaintiff's wages was returned to the SSA from Plaintiff's employer, stating that Plaintiff was no longer employed there.  (*Id.*)

On April 17, 2009, the SSA issued an order to Plaintiff's employer to garnish her wages. (*Id.*)  Plaintiff's employer completed this order and returned it to the SSA.  (*Id.*)  On May 21, 2009, Plaintiff contacted the SSA to complain about the garnishment.  (*Id.*)  Shortly thereafter, Plaintiff filed this action with the Small Claims Court, and the Complaint was mailed to the SSA on May 27, 2009.

**II.     APPLICABLE LEGAL STANDARDS**

    **A.     Standard Governing Motions to Dismiss for Lack of Subject Matter Jurisdiction**

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citing Fed. R. Civ. P. 12[b][1]).  With regard to a challenge to a determination by the Social Security Administration, "[a]ny individual may seek judicial review under 42 U.S.C. § 405(g) 'after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy." *Diagnostic Cardioline Monitoring of New York, Inc. v. Leavitt*, 171 F. App'x. 374, 375 (2d Cir. March 17, 2006) (citing 42 U.S.C. § 405[g]).  "This final-decision-after-a-hearing requirement is critical to the federal court's grant of subject matter jurisdiction over these claims." *Leavitt*, 171 F. App'x. at 375 (citing *Weinberger v. Salfi*, 422 U.S. 749, 763-64 [1975]).  "In the absence of a final decision after a hearing, the federal court lacks subject matter jurisdiction to entertain the claim, and it must be dismissed." *Id*. (citation omitted).

    **B.     Standard Governing Unopposed Motions**

"Where a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein, the non-moving party's failure to file or serve any papers as required by this Rule shall be deemed as consent to the granting or denial of the motion, as the case may be, unless good cause be shown." N.D.N.Y. L.R. 7.1(b)(3).  Defendant's motion to dismiss was properly filed, and Plaintiff has failed to oppose them.  Therefore, the Court must determine whether Defendant has met her

burden to "demonstrate entitlement to the relief requested" under Local Rule 7.1(b)(3).[1]  An inquiry into whether a movant has met its "burden to demonstrate entitlement" to dismissal under Local Rule 7.1(b)(3) is a more limited endeavor than a review of a contested motion. Specifically, under such an analysis, the movant's burden has appropriately been characterized as "modest."[2]  This is because, as a practical matter, the burden requires only that the movant present an argument that is "facially meritorious."[3]

---

[1]  *See also* Fed. R. Civ. P. 7(b)(1) (requiring motions to, *inter alia*, "state with particularity the grounds therefor").

[2]  *See, e.g., Ciaprazi v. Goord*, 02-CV0915, 2005 WL 3531464, at *8 (N.D.N.Y. Dec. 22, 2005) (Sharpe, J.; Peebles, M.J.) (characterizing defendants' threshold burden on a motion for summary judgment as "modest") [citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-324 (1986)]; *accord*, *Saunders v. Ricks*, 03-CV-0598, 2006 WL 3051792, at *9 & n.60 (N.D.N.Y. Oct. 18, 2006) (Hurd, J., adopting Report-Recommendation of Lowe, M.J.), *Smith v. Woods*, 03-CV-0480, 2006 WL 1133247, at *17 & n.109 (N.D.N.Y. Apr. 24, 2006) (Hurd, J., adopting Report-Recommendation of Lowe, M.J.); *see also Race Safe Sys. v. Indy Racing League*, 251 F. Supp.2d 1106, 1109-1110 (N.D.N.Y. 2003) (Munson, J.) (reviewing merely whether record contradicted defendant's arguments, and whether record supported plaintiff's claims, in deciding unopposed motion to dismiss, under Local Rule 7.1[b][3]); *Wilmer v. Torian*, 96-CV-1269, 1997 U.S. Dist. LEXIS 16345, at *2 (N.D.N.Y. Aug. 29, 1997) (Hurd, M.J.) (applying prior version of Rule 7.1[b][3], but recommending dismissal because of plaintiff's failure to respond to motion to dismiss *and* the reasons set forth in defendants' motion papers)*, adopted by* 1997 U.S. Dist. LEXIS 16340, at *2 (N.D.N.Y. Oct. 14, 1997) (Pooler, J.); *accord*, *Carter v. Superintendent Montello*, 95-CV-989, 1996 U.S. Dist. LEXIS 15072, at *3 (N.D.N.Y. Aug. 27, 1996) (Hurd, M.J.), *adopted by* 983 F. Supp. 595 (N.D.N.Y. 1996) (Pooler, J.).

[3]  *See, e.g., Hernandez v. Nash*, 00-CV-1564, 2003 U.S. Dist. LEXIS 16258, at *7-8 (N.D.N.Y. Sept. 10, 2003) (Sharpe, M.J.) (before a motion to dismiss may be granted under Local Rule 7.1[b][3], "the court must review the motion to determine whether it is *facially meritorious*") [emphasis added; citations omitted]; *accord*, *Topliff v. Wal-Mart Stores East LP*, 04-CV-0297, 2007 U.S. Dist. LEXIS 20533, at *28 & n.43 (N.D.N.Y. March 22, 2007) (Lowe, M.J.); *Hynes v. Kirkpatrick*, 05-CV-0380, 2007 U.S. Dist. LEXIS 24356, at *5-6 & n.2 (N.D.N.Y. March 21, 2007) (Lowe, M.J.); *Sledge v. Kooi*, 04-CV-1311, 2007 U.S. Dist. LEXIS 26583, at *28-29 & n.40 (N.D.N.Y. Feb. 12, 2007) (Lowe, M.J.), *adopted by* 2007 U.S. Dist. LEXIS 22458 (N.D.N.Y. March 28, 2007) (McAvoy, J.); *Kele v. Pelkey*, 03-CV-0170, 2006 U.S. Dist. LEXIS 95065, at *5 & n.2 (N.D.N.Y. Dec. 19, 2006) (Lowe, M.J.), *adopted by* 2007 U.S. Dist. LEXIS 4336 (N.D.N.Y. Jan. 22, 2007) (Kahn, J.).

### III.    ANALYSIS

After carefully considering the file in this action, including Defendant's motion to dismiss and Plaintiff's Complaint, the Court finds that Defendant has met his lightened burden on his unopposed motion: he has demonstrated entitlement to the relief requested by presenting an argument that is facially meritorious.  Even if the Court were to subject Defendant's motion to the more rigorous scrutiny appropriate for contested motions, the Court would find that Defendant has met his burden: Plaintiff failed to exhaust her administrative remedies prior to commencing this action.[4]  As a result, the Court lacks subject matter jurisdiction over Plaintiff's claims, and her Complaint is dismissed.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's Complaint is **DISMISSED**.  The clerk is directed to enter judgment and close the case.

Dated: August 7, 2009
       Syracuse, New York

                                         Hon. Glenn T. Suddaby
                                         U.S. District Judge

---

[4] As noted by Defendant in his motion to dismiss, because Plaintiff failed to follow the required SSA regulations before bringing this action, there is no final decision for the Court to review under 42 U.S.C. § 405(g).